UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NORLYN STANLEY NELSON,<br><br>Plaintiff,<br><br>v.<br><br>JAMES STUART, Sheriff Anoka County;<br>THE ANOKA COUNTY JAIL; DOCTOR<br>JOHN LOES, Anoka County Jail Doctor;<br><br>Defendant. | CASE NO. 11-3143 (DSD/TNL)<br><br>**REPORT & RECOMMENDATION** |

Norlyn Stanley Nelson (125701), MCF-Faribault, 1101 Linden Lane Faribault, MN 55021-6400, *pro se* Plaintiff; and

Robert D. Goodell and Bryan D. Frantz, Anoka County Attorney's Office, 2100 3rd Avenue North, Anoka, MN 55303-2265, for Defendants James Stuart and the Anoka County Jail.

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on (1) Defendants Anoka County Sheriff James Stuart and the Anoka County Jail's Motion to Dismiss (Docket No. 13); (2) Plaintiff's letter, dated July 11, 2012 (Docket No. 28); and (3) Plaintiff's letter, dated August 3, 2012 (Docket No. 30). This Court construes Plaintiff's letters as requests for reconsideration. For the reasons set forth herein, this Court recommends that Defendants Anoka County Sheriff James Stuart and the Anoka County Jail's Motion to Dismiss (Docket No. 13) be **GRANTED IN PART** and

**DENIED IN PART**, and Plaintiff's requests for reconsideration (Docket Nos. 28, 30) be **DENIED**.

## II. BACKGROUND

On April 10, 2012, Plaintiff Norlyn Stanley Nelson filed the First Amended Complaint (Docket No. 10) against Defendants Doctor John Loes, Anoka County Jail Doctor; Sheriff James Stuart, Anoka County Sheriff; and the Anoka County Jail. Plaintiff brought this action under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's right to be free from "cruel and unusual punishment" under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that, while he was incarcerated in the Anoka County jail, between November 14, 2010, and October 24, 2011, Defendant Loes denied Plaintiff specific medications to treat his migraines. As a result of being denied these medications, Plaintiff suffered "excruciating pain" and damage to his brain. Plaintiff also alleges that, during this same period, he had a "severely deteriorat[ing] left hip in extreme need of replacement" and Defendant Loes denied Plaintiff a stronger dosage of his then-current pain reliever and denied Plaintiff an alternative pain reliever. As a result of Defendant Loes's actions, Plaintiff "suffer[ed] terribly." Plaintiff further alleges that, following his hip replacement surgery, Defendant Loes denied Plaintiff "most of the medicines prescribed by, and deemed absolutely necessary[,] by the surgeon." As a result of Defendant Loes actions, Plaintiff's life was in danger and Plaintiff suffered "terrible

pain." Plaintiff also alleges that Defendant Loes did not get Plaintiff to his physical therapy.

Plaintiff alleges that he is "including Sheriff James Stuart because he is also responsible since [Plaintiff] was in his Jail and therefore also in his care, and [Plaintiff] went through all the proper channels in his jail, 'begging' for help but constantly and totally refused!" Plaintiff alleges that he is "also adding the Anoka County Jail itself to the Complaint/Lawsuit since the whole jail itself was also responsible for [his] welfare and also responsible and took part in the cruelty and the abuse of [his] wellbeing while under it[]s care." Plaintiff further alleges that he brought "300 Kites and grievances" related to these issues.

On May 30, 2012, Defendants Stuart and Anoka County Jail filed their Motion to Dismiss (Docket No. 13), arguing that Plaintiff has failed to state a claim against them upon which relief can be granted. This Court issued an Order (Docket No. 18) setting forth a briefing schedule on the motion. To date, Plaintiff does not appear to have responded to the motion to dismiss.

On June 12, 2012, Plaintiff filed a letter requesting the appointment of counsel. On June 19, 2012, this Court denied Plaintiff's request. *See* Order, Jun 19, 2012 (Docket No. 25).

On July 2, 2012, Plaintiff filed another letter (Docket No. 26). This Court construes this second letter to be a request for reconsideration on the June 19, 2012 Order.

On July 16, 2012, Plaintiff filed another letter (Docket No. 28) which begins: "I am writing this letter as an 'objection to your Denial to Appoint Counsel' for me!" This Court construes this third letter to be an objection to the June 19, 2012 Order.[1]

On August 3, 2012, Defendants Stuart and Anoka County Jail filed a Memorandum of Law (Docket No. 29) stating, "Plaintiff's only response has been to repeat his request for court-appointed counsel and he has not responded in any way to Defendant's motion to dismiss the complaint."

On August 3, 2012, Plaintiff wrote another letter (Docket No. 30). This Court construes this letter to be a request for reconsideration on the June 19, 2012 Order.

### III. REQUEST FOR RECONSIDERATION

In the Court's June 19, 2012 Order, this Court considered all of Plaintiff's arguments in favor of the appointment of counsel and denied Plaintiff's motion. "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."[2] D. Minn. LR 7.1(h). In this case, Plaintiff did not seek leave of the court to file his two letters seeking reconsideration. Moreover, Plaintiff has not shown compelling circumstances for this

---

[1] This Court reviewed this letter to determine if it could be construed as a response to the motion to dismiss.

[2] The Local Rules were amended after Plaintiff filed his first letter requesting reconsideration. District of Minnesota Local Rule 7.19(j) states: "Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission."

Court to amend its prior order. Therefore, this Court recommends that Plaintiff's requests for reconsideration be denied.

## IV. MOTION TO DISMISS

Defendants filed Motion to Dismiss (Docket No. 13), arguing that Plaintiff has failed to state a claim upon which relief can be granted because (1) Plaintiff failed to allege that Defendant Stuart was personally involved in the alleged improper conduct; and (2) the Anoka County Jail is not an entity subject to suit. For the reasons set forth below, this Court recommends that Defendants' motion be granted in part and denied in part.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. While federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v.*

*Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). "[D]efendants are entitled to know the extent of the claim against them as well as its precise nature." *Wallach v. City of Pagedale, Mo.*, 359 F.2d 57, 58 (8th Cir. 1966).

### A. Claims against Defendant Stuart

Defendant Stuart argues that Plaintiff has failed to state a claim against him upon which relief can be granted because Plaintiff has only alleged liability under the doctrine of *respondeat superior* and "[t]he Plaintiff has not alleged that Stuart had any knowledge of the Plaintiff's medical condition or that he had any knowledge of the jail staff's treatment of the medical condition." This Court disagrees.

"[T]he doctrine of *respondeat superior* does not apply in civil rights cases." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). The Eighth Circuit Court of Appeals has, in its own words, "noted that 'a general responsibility for supervising the operations of a [jail] is insufficient to establish the personal involvement required to support liability'" for a medical-indifference claim. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). Thus, because prison administrators "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [the inmate-plaintiff] to a doctor" for treatment. *Camberos*, 73 F.3d at 176.

The Eighth Circuit Court of Appeals has also noted that the individual supervising the operations of the custodial facility—typically the warden—is not liable because the individual "never received a complaint or grievance from" the inmate-plaintiff. *Keeper*,

103 F.3d at 1314; *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (noting that the plaintiff never complained to the warden about his medication nor asked the warden to provide an evaluation by a specialist). *But see Obama v. Burl*, 11-2435, No. 11-2435 2012 WL 1648889 (8th Cir. May 11, 2012) (citing *Keeper*, 130 F.3d at 1314, for the proposition that "official who is not involved in medical decisions and has no medical expertise cannot be liable for medical staff's diagnostic decisions"); *Rivera v. Reisch*, 351 F. App'x 155, 156 (8th Cir. 2009) (citing *Keeper*, 130 F.3d at 1314, for the proposition that "prison superintendent who is not involved in treatment decisions and lacks medical expertise is not liable for medical staff's diagnostic decisions"); *Taylor v. Norris*, 36 F. App'x 228 (8th Cir. 2002) (citing *Keeper*, 130 F.3d at 1314, for the proposition that "prison official not involved in treatment decisions made by medical unit's staff cannot be liable for medical staff's diagnostic decisions"); *Prater v. Dep't of Corr.*, 11 F. App'x 668, 669 (8th Cir. 2001) (citing *Keeper*, 130 F.3d at 1314, for the proposition that "prison official not involved in treatment decisions made by medical staff cannot be liable for medical staff's diagnostic decisions").

In the present case, Plaintiff alleged that he made complaints to Sheriff Stuart concerning his medical treatment. It may be that Defendant Stuart had no direct control over the medical unit, that Defendant Stuart referred all complaints to the medical unit, or that Defendant Loes was not deliberately indifferent to Plaintiff's medical condition. *See, e.g., Riley v. Knox,* 205 F.3d 1347 (8th Cir. 2000) (affirming grant of summary judgment in favor of prison superintendent where record supported that superintendent "made no dental treatment decisions, and that he referred complaints related to [the plaintiff's]

treatment to the medical unit, over which he had no direct control"); *Green v. Norris*, 208 F.3d 217 (8th Cir. 2000) (stating that the court "note[s] further that the record shows [the plaintiff's] complaints to [correctional officials] were referred to the medical unit"). But, at this stage in the proceedings, Defendants' motion fails as to Defendant Stuart because Plaintiff has alleged facts against Sheriff Stuart to sustain a claim upon which relief can be granted under 42 U.S.C. § 1983.

### B. Claims against Defendant Anoka County Jail

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted against the Anoka County Jail because the Anoka County Jail is not a legal entity subject to suit. Defendants are correct. The Anoka County Jail is not a legal entity amenable to suit. *Owens v. Scott County Jail*, 328 F.3d 1026 (8th Cir. 2003) (holding that "county jails are not legal entities amenable to suit"). Therefore, this Court recommends that all claims against Defendant Anoka County Jail be dismissed.

[Continued on next page.]

## V. RECOMMENDATION

Based upon the record and memoranda, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Anoka County Sheriff James Stuart and the Anoka County Jail's Motion to Dismiss (Docket No. 13) be **GRANTED IN PART** and **DENIED IN PART**; all claims against Defendant Anoka County Jail be **DISMISSED WITH PREJUDICE**; and Defendants' motion be denied in all other respects.

2. Plaintiff's requests for reconsideration (Docket Nos. 28 and 30) be **DENIED.**

Dated: August 23, 2012

        *s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court

CASE NO. 11-3143 (DSD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 7, 2012**.