```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 11-3143(DSD/TNL)
```

Norlyn Stanley Nelson,

        Plaintiff,

v.                                                          **ORDER**

James Stuart, Sheriff Anoka
County, The Anoka County Jail,
Doctor John Loes, Anoka County
Jail Doctor,

        Defendants.


    This matter is before the court upon objections by pro se plaintiff Norlyn Stanley Nelson and by defendant James Stuart to the August 23, 2012, report and recommendation of Magistrate Judge Tony N. Leung. After a de novo review of the report, and based on the file, record and proceedings herein, the court overrules the objections and adopts the report and recommendation.


                            **BACKGROUND**

    In this civil-rights dispute, Nelson alleges that he was deprived of proper medical care while incarcerated in the Anoka County Jail (Jail), in violation of the Eighth Amendment. The background of this case is fully set forth in the magistrate judge's report and recommendation, and the court only summarizes the facts relevant to resolving the present objections. Nelson alleges that while incarcerated, he was denied medicine to treat recurring migraine headaches. Am. Compl. ¶ A. Nelson also claims

that he was denied pain medication before and after hip replacement surgery.  Id. ¶¶ G, J.  As a result, Nelson alleges that he suffered excruciating pain and now has brain damage.  Id. ¶¶ B-C.

While at the Jail, Nelson repeatedly requested medical care. Id. ¶ M.  Nelson claims that he submitted over 300 "kites" and grievances to prison officials and administrators about his condition.  Id. ¶¶ M-N.  Nelson alleges that, on one occasion, he requested medication for his headaches and was told that Dr. John Loes needed to "check with Administration" before writing a prescription.  Id. ¶ F.  At one point, Nelson contacted an administrative phone number or address with medical complaints. Id. ¶ O.  Nelson alleges that he was eventually warned to stop submitting "kites" and grievances.  Id. ¶ Q.

On April 10, 2012, Nelson filed an amended complaint alleging § 1983 claims against Stuart, the Anoka County Sheriff; the Jail; and Dr. Loes, the Jail Doctor. On August 23, 2012, the magistrate judge recommended that the court grant in part the motion to dismiss by Stuart and the Jail.  The magistrate judge determined that when viewing the pleadings in a light most favorable to Nelson, Stuart may have been aware of Nelson's alleged mistreatment. As to the Jail, the magistrate judge determined that dismissal was proper because the entity was not amenable to suit. Both Stuart and Nelson object to the magistrate judge's report and recommendation.

2

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

**I. Stuart's Objections**

Stuart argues that the allegations made by Nelson relate to his supervisory role at the Jail. In support, Stuart explains that "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). To be liable, prison officials instead must be "personally involved in or [have] direct responsibility for the alleged deliberate [medical] indifference." Stewart v. Baker, 360 F. App'x 696, 697 (8th Cir. 2010) (citation omitted).

Nelson, however, raises allegations that implicate Stuart in his individual capacity. Nelson alleges that "at one point when [he] was 'begging' to receive Imetrex [sic] whenever [he] felt a migraine headache coming on, [Dr. Loes] said, 'Let me check with Administration.'" Compl. ¶ F. Nelson further alleges that "[i]n Sheriff James Stuart's jail's medical waiting room/area, they/he has an address and phone number for a place to contact for complaints. I contacted them and they said they have no medical personnel on staff, so they can't do anything about medical complaints!" Id. ¶ O. At this stage in the proceedings, viewing

3

the evidence in a light most favorable to Nelson, these allegations are sufficient to state a claim against Stuart. Therefore, the court overrules Stuart's objections.

**II. Nelson's Objections**

Nelson argues that he is "totally incapable of adequately presenting [his] case and representing [him]self" and that "the whole truth is most likely to be exposed when both sides are represented by counsel." Pl.'s Objections 1. The magistrate previously denied Nelson's motion to appoint counsel. See ECF No. 25. The court construes Nelson's filing as either an objection to the magistrate judge's report and recommendation or a request to reconsider the magistrate's decision. Under either posture, the court declines to appoint counsel.

"[A] civil litigant has no constitutional or statutory right to a court-appointed attorney." Rayes v. Johnson, 969 F.2d 700, 702 (8th Cir. 1992) (citation omitted). The appointment of counsel "is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006)

4

(citation omitted). The magistrate judge, in his June 19, 2012, order, properly applied these criteria in denying the motion to appoint counsel. See ECF No. 25. Therefore, Nelson's request for appointment of counsel is denied.[1]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 33] to the magistrate judge's report and recommendation is overruled;

2. Defendant James Stuart's objection [ECF No. 34] to the magistrate judge's report and recommendation is overruled;

3. The magistrate judge's report and recommendation [ECF No. 31] is adopted in its entirety;

4. Defendants Anoka County Jail and Warden James Stuart's motion to dismiss [ECF No. 14] is granted in part consistent with the Magistrate's order dated August 23, 2012.

Dated: November 20, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[1] Nelson further objects, noting that some of his allegations were omitted from the report and recommendation's background section, and arguing that the magistrate judge failed to consider claims against non-movant Dr. Loes. Pl.'s Objections 5. As these objections are not responsive to the report and recommendation, the court does not consider them.