UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3143(DSD/TNL)

Norlyn Stanley Nelson,

       Plaintiff,

v.                                                      **ORDER**

James Stuart, Sheriff Anoka
County, The Anoka County Jail,
Doctor John Loes, Anoka County
Jail Doctor,

       Defendants.

     This matter is before the court upon the report and recommendation (R&R) of Magistrate Judge Tony N. Leung, dated February 14, 2014. The R&R recommended that the court grant the motions for summary judgment by defendants James Stewart, Anoka County Sheriff, and Dr. John Loes. In a previous order, the court noted that pro se plaintiff Norlyn Stanley Nelson had not objected to the R&R within the time permitted. ECF No. 114. The court recently learned that Nelson submitted objections to the R&R. Although untimely, the court will consider those objections, and thus vacates the previous order and files this amended order regarding the R&R. The court denies Nelson's request for a continuance.

     The court conducts a de novo review of any portion of the magistrate judge's opinion to which specific objections are made.

28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that de novo review, the Court overrules Nelson's objections and adopts the R&R.

Nelson first objects to the magistrate judge's rejection of his claim that Dr. Loes's decision to lower the dosage of his Imitrex prescription and later to discontinue the prescription altogether reflected a deliberate indifference to his serious medical needs.  Nelson argues that he should have been permitted to receive Imitrex on demand.  The court disagrees.  As the magistrate judge concluded, the record establishes that Dr. Loes carefully monitored Nelson's health and prescribed Imitrex as indicated based on his medical training and Nelson's condition.  Under these circumstances, the court cannot conclude that Dr. Loes - or by extension Stewart or the Anoka County Jail - was deliberately indifferent.

Nelson next objects to the magistrate judge's determination that defendants did not unduly delay his hip surgery.  Nelson argues that his surgery was needlessly delayed by several months despite his immediate need for relief.  The court again disagrees. The medical records support the magistrate judge's finding that Nelson's hip surgery was not immediately necessary.  Indeed, the record shows that Nelson was first treated with pain medication and intraarticular injections.  When those treatments proved ineffective, Dr. Loes scheduled the surgery.  The fact that Nelson

ultimately required surgery does not render the prior course of treatment constitutionally inadequate.  Further, the delay between the determination that Nelson required surgery and the surgery itself is insufficient to establish deliberate indifference.  The record does not support a finding that surgery was required on an emergency basis.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The court's previous order [ECF No. 114] is vacated;

2.   The objections [ECF No. 116] to the magistrate judge's report and recommendation are overruled;

3.   The magistrate judge's report and recommendation [ECF No. 113] is adopted in its entirety;

4.   The motions for summary judgment [ECF Nos. 80, 93] are granted; and

5.   The action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 24, 2014

                                              s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court